IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CYNTHIA WILLIAMS<br><br>    Plaintiff,<br><br>v.<br><br>TRI-STATE NEUROSURGICAL<br>ASSOCIATES – UPMC, INC.,<br><br>    Defendant. | Case No. _____<br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

NOW COMES Plaintiff, Cynthia Williams, by and through her attorney, Sean L. Ruppert., of Kraemer, Manes & Associates LLC, and files this complaint alleging as follows:

### I. Nature of the Action

1. Plaintiff brings this action under the Americans with Disabilities Act ("ADA") 42 U.S.C §12101-12213 and the Family and Medical Leave Act ("FMLA"), 29 § U.S.C. 2601 *et. seq*.

### II. Jurisdiction and Venue

2. This action arises under the statutes cited in the preceding paragraph. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1343.

3. Plaintiff is a resident and citizen of Pennsylvania, a substantial part of the events or omissions giving rise to the claims occurred in Western Pennsylvania, and, therefore, this action is within the jurisdiction of the United States District Court for the Western District of Pennsylvania and the venue is proper pursuant to 28 U.S.C. § 1391(b).

4. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") at Charge No. 533-2017-01153 on July 26, 2017. *See Exhibit 1*.

5. A Notice Right to Sue was mailed from the EEOC on January 29, 2018 thereby exhausting Plaintiff's administrative remedies. *See Exhibit 2.*

### III. Parties

6. Plaintiff, Cynthia Williams is an adult individual who currently resides at 1714 Kenyon Avenue, Pittsburgh, Pennsylvania 15229.

7. Defendant, Tri-State Neurosurgical Associates – UPMC, Inc. is a non-profit corporation with a headquarters at 200 Lothrop Street, Pittsburgh, Allegheny County, Pennsylvania 15213-2582. The location where Plaintiff worked was 12680 Perry Highway, Suite 201, Wexford, Pennsylvania 15090.

### IV. Facts

8. Plaintiff was hired by Defendant on or about October 1, 2015 as an Office Assistant.

9. Plaintiff has a history of back pain due to a prior injury to her sciatic nerve.

10. On or about June 1, 2016, Plaintiff fell in Defendant's parking lot, exacerbating her injury.

11. As a result of the fall, Plaintiff suffered serious injuries, including but not limited to, damage to her neck and back.

12. As a result of the injuries Plaintiff sustained in the fall, her physician instructed she attend physical therapy three (3) days per week.

13. The therapy center was not open on weekends and Plaintiff did her best to schedule therapy outside of work hours.

14. When Plaintiff was unable to schedule outside of work hours, she obtained either the first appointment or last appointment of the day, so she would miss the least amount of work possible.

15. Plaintiff submitted an accommodation request to Caitlin Colik, Defendant's office manager, to work through her lunch break, and to come in early or leave late on a day she did not have therapy so she could make up for any work time missed.

16. Plaintiff's request was denied by Ms. Colik.

17. Plaintiff was forced to quit physical therapy in October of 2016 because Ms. Colik informed her that her therapy appointments were "not working out" with her schedule.

18. Plaintiff was selected as a candidate for a surgical procedure that would block pain by implanting a device near her spinal cord.

19. This procedure required one (1) surgery and one (1) outpatient procedure. The first surgery was performed by Dr. Miele on or about November 14, 2016.

20. Plaintiff initially requested one (1) day off for the procedure, but later was informed that the healing process may call for extended time off. Plaintiff contacted UPMC Benefits requesting longer FMLA and then contacted Ms. Colik to inform her of that request.

21. Ms. Colik granted this request but informed Plaintiff she was "disappointed" in her for requesting additional time off with UPMC Benefits before contacting her.

22. Plaintiff returned to work on or about November 21, 2016.

23. Two (2) days after her return she was placed on a Performance Improvement Plan ("PIP").

24. Ms. Colik stated Plaintiff was placed on a PIP due to her failure to give adequate notice for a day off that was taken several months ago.

25. The procedure for requesting off for medical reasons was to either complete a paper request or submit and email with the dates. Plaintiff would email the requests to Ms. Colik and the office manager Amanda.

26. Prior to the PIP, Plaintiff was allowed these days off when necessary for medical appointments as long as she made Ms. Colik and Amanda aware of them as soon as she was able.

27. On January 4, 2017, the outpatient procedure was performed by Dr. Vincent Miele, who also happened to be one of Plaintiff's supervisors.

28. Plaintiff requested two (2) weeks of FMLA leave and returned to work January 20, 2017. Dr. Miele instructed Plaintiff that she could take as much time as needed to recover.

29. On or about January 19, 2017, during Plaintiff's follow up appointment, she requested another week of leave due to the continuous pain.

30. Due to the pain, Plaintiff submitted several additional requests for leave, which were granted.

31. On February 9, 2017, a nurse from Dr. Miele's office called Plaintiff and instructed her to return to work on February 13, 2017.

32. On or about February 10, 2017, Plaintiff contacted Ms. Cathy, Dr. Miele's nurse, to request another week of leave. Ms. Cathy told Plaintiff that she needed to speak with Dr. Miele before approving this request.

33. Later that day Ms. Colik informed Plaintiff that she was not approved for any additional leave and Dr. Miele deemed Plaintiff fit to return to work.

34. Dr. Miele had not examined Plaintiff in several weeks.

35. On or about February 16, 2017, Ms. Colik called Plaintiff into a meeting and terminated because she was not "meeting the expectations of the PIP."

## V. Causes of Action

### COUNT I
### Unlawful Termination in Violation of the ADA and PHRA

36. All other paragraphs of this pleading are incorporated herein as if set forth at length.

37. Defendant paid Plaintiff on a regular payroll basis in exchange for duties performed by the Plaintiff, and for the Defendant, within its regular course of the Defendant's business. Defendant therefore constitutes an employer, and Plaintiff an employee, within the meaning of the ADA and PHRA.

38. Plaintiff was an employee with a disability within the meaning of the ADA and PHRA following her back injury in 2009.

39. Plaintiff slipped and fell in Defendants parking lot on or about June 30, 2016, which aggravated her injury.

40. Defendant was notified of, and fully aware of, Plaintiff's disability at all times relevant hereto.

41. Plaintiff required one (1) surgery and one (1) outpatient procedure for her disability; after her first surgery, she was given a PIP which for her failure to give adequate notice in taking a day off months earlier.

42. After her outpatient procedure, Defendant refused to give Plaintiff additional time off as a reasonable accommodation.

43. Only three (3) days after Plaintiff's return to work after her outpatient procedure, she was terminated allegedly for failing to meet the expectations of her PIP.

44. Plaintiff was willing and able to perform the essential functions of her job with or without a reasonable accommodation.

45. Plaintiff believes, and therefore avers, that Defendant terminated her due to disability discrimination in violation of the ADA and the PHRA.

46. As a direct result of Defendant's unlawful acts and omissions, Plaintiff suffered damages.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment for the Plaintiff, and against the Defendant for: loss of wages; front pay as deemed appropriate by the court; compensatory damages; punitive damages; plaintiff's legal fees; pre-judgment and continuing interest; court costs; and any other such relief as the Court may deem just and proper

## COUNT II
### Disability Discrimination in Violation of the ADA and PHRA

47. All other paragraphs of this pleading are incorporated herein as if set forth at length.

48. Defendant paid Plaintiff on a regular payroll basis in exchange for duties performed by the Plaintiff, and for the Defendant, within its regular course of the Defendant's business. Defendant therefore constitutes an employer, and Plaintiff an employee, within the meaning of the ADA and the PHRA.

49. Plaintiff required one (1) surgery and one (1) outpatient procedure due in part to a previous back condition and a fall in Defendant's parking lot.

50. After Plaintiff's first surgery, she was placed on a PIP for failing to give adequate notice when calling off months earlier.

51. After Plaintiff's second surgery, she was terminated only three (3) days after returning back to work.

52. Plaintiff was willing and able to perform the essential functions of the job with or without a reasonable accommodation.

53. Plaintiff believes, and therefore avers, that Defendant terminated her due to Defendant's perception that Plaintiff was too disabled to perform the essential functions of her job in violation of the ADA and the PHRA.

54. As a direct result of Defendant's unlawful acts and omissions, Plaintiff suffered damages.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment for the Plaintiff, and against the Defendant for: loss of wages; front pay as deemed appropriate by the court; compensatory damages; punitive damages; plaintiff's legal fees; pre-judgment and continuing interest; court costs; and any other such relief as the Court may deem just and proper.

## COUNT III
### Retaliation under the FMLA

55. All other paragraphs of this pleading are incorporated herein as if set forth at length.

56. Defendant employs more than 50 people within a 75-mile radius of the worksite where Plaintiff worked.

57. Plaintiff worked more than 1,250 hours for Defendant in the previous year prior to her termination.

58. Plaintiff required FMLA leave on multiple occasions for her back injuries, exacerbated by a fall on Defendant's property.

59. Following her return from FMLA leave for her first surgery, Plaintiff was immediately placed on a PIP for an incident which happened months prior.

60. Plaintiff was terminated only three (3) days after her return to work after her second surgery and use of FMLA leave.

61. Plaintiff believes, and therefore avers, that she was terminated as a result of exercising her FMLA leave, and in violation of the FMLA.

62. As a direct result of Defendant's unlawful acts and omissions, Plaintiff suffered damages.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment for the Plaintiff, and against the Defendant for: loss of wages; front pay as deemed appropriate by the court; liquidated damages; plaintiff's legal fees; pre-judgment and continuing interest; court costs; and any other such relief as the Court may deem just and proper.

## COUNT IV
### Interference Under the FMLA

63. All other paragraphs of this pleading are incorporated herein as if set forth at length.

64. Defendant unlawfully interfered with, restrained, and denied the exercise and attempted exercise of Plaintiff's lawful right to FMLA-protected leave when Ms. Colik and Plaintiff's Supervisor, Dr. Miele, spoke privately about her ability to work, at a time when Dr. Miele had not seen Plaintiff in several weeks to make such a judgment.

65. As a result, Defendant declined to authorize further FMLA-leave for Plaintiff.

66.     Defendant's acts and omissions ultimately prevented Plaintiff from obtaining benefits she was entitled to under the FMLA in violation of the FMLA.

67.     Plaintiff believes, and therefore avers, that she was denied FMLA leave due to Defendant's illegal Interference with Plaintiff's FMLA rights in violation of the FMLA

68.     As a direct result of Defendant's unlawful acts and omissions, Plaintiff suffered damages.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment for the Plaintiff, and against the Defendant for: loss of wages; front pay as deemed appropriate by the court; liquidated damages; plaintiff's legal fees; pre-judgment and continuing interest; court costs; and any other such relief as the Court may deem just and proper.

Respectfully Submitted,

/s/ Sean L. Ruppert
Sean L. Ruppert, Esq.
PA ID: 314380
**KRAEMER, MANES & ASSOCIATES LLC**
US Steel Tower
600 Grant Street, Suite 4875
Pittsburgh, PA 15219
(412) 626-5550 Direct
(412) 637-0144 Fax
sr@lawkm.com